UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-62143-Civ-WILLIAMS

JOSEPH OTIS, TRACEY CUPP, AYUB
ABDUL-HAQQ, and TAMI PRENDERGRAFT,

    Plaintiffs,

vs.

ARISE VIRTUAL SOLUTIONS, INC.,

    Defendant.
_____/

## ORDER ON PLAINTIFFS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

This **MATTER** is before the Court on Plaintiffs' Motion to Certify Order for Interlocutory Appeal [D.E. 43]. Defendant filed a Response [D.E. 44] and Plaintiffs filed a Reply [D.E. 45].

In their Motion, Plaintiffs ask the Court to certify the following question for interlocutory appeal: "Whether notice to potential plaintiffs of the pendency of claims that may affect their rights, brought under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), may, or should, precede adjudication of a motion to compel arbitration." [D.E. 43 at 2].

"There is a 'strong presumption against interlocutory appeals.'" *In re Checking Overdraft Litigation*, No. 09-MD-02036-JLK, 2010 WL 3377592, at *2 (S.D. Fla. Jul. 1, 2010) (quoting *Teblum v. Eckerd Corp. of Fla., Inc.*, No. 03-cv-495-FtM-33DNF, 2006 WL 1151816, at *4 (M.D. Fla. Apr. 28, 2006)). To overcome this presumption, a party

1

seeking interlocutory appeal must establish that (1) the order appealed from involves a controlling question of law, (2) there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1255-57 (11th Cir. 2004).

Plaintiffs have failed to overcome the strong presumption against interlocutory appeals. Moreover, they cannot establish that there is a substantial ground for difference of opinion.[1] Indeed, the Eleventh Circuit has found in an analogous context that a district court's denial of a motion to notify potential opt-in plaintiffs under § 216(b) of the FLSA may not be reviewed on appeal after the named plaintiff's personal claims have become moot. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1244-49 (11th Cir. 2003). Here, all of the named plaintiffs signed valid and enforceable arbitration agreements and have been ordered to arbitrate their claims. Thus, there are no named plaintiffs left to maintain the suit or an appeal of the Court's Order. Consequently, the Motion to Certify Order for Interlocutory Appeal [D.E. 43] is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, this 17th day of January, 2014.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] Defendant correctly notes that none of the cases Plaintiffs cite in this regard are applicable. [D.E. 44 at 7-8].

2